UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN P. SIMS                                            CIVIL ACTION

VERSUS                                                         NUMBER: 16-13832

MARLIN N. GUSMAN/ORLEANS                  SECTION: "G"(5)
PARISH SHERIFF – STATE
OF LOUISIANA, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 civil rights proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Jonathan P. Sims, against Defendants, Orleans Parish Sheriff Marlin N. Gusman and East Carroll Parish Sheriff Wydette Williams. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the Jackson Parish Correctional Center ("JPCC") in Jonesboro, Louisiana, who was housed at the St. John Parish Prison ("SJPP") in LaPlace, Louisiana, at the time that he authored his complaint. (Rec. docs. 1, p. 2; 9). Prior to being transferred to SJPP on August 2, 2016, Plaintiff had been housed at the Orleans Justice Center ("OJC") in connection with criminal proceedings pending against him in the Orleans Parish Criminal District Court, having been transferred there from the East Carroll Riverbend Detention Center ("RDC") in Lake Providence, Louisiana, on July 15, 2016. (Rec. doc. 1, p. 4). In the complaint that he filed herein, Plaintiff alleges that he was transferred from RDC to OJC unaccompanied by the personal property and effects he had amassed while housed at the former facility and that subsequent inquiries to officials at the two facilities in an attempt to locate his belongings were unavailing. (*Id.* at pp. 4, 6). Plaintiff seeks compensatory and punitive damages. (*Id.* at p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915.  (Rec. doc. 10).  A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, the Court nonetheless finds that this matter should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case falters for a variety of reasons.  First, as to the two specifically named Defendants, Sheriffs Gusman and Williams, Plaintiff fails to enunciate a set of facts that illustrates those Defendants' participation in an alleged wrong, a necessary requirement in a civil-rights action.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  More importantly, Plaintiff's claim in the instant case can best be characterized as one for deprivation of property by a state employee.  Deprivation of property by a state employee, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3104 (1984), is not actionable under §1983 when an adequate state-law remedy exists.  *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Booth*, 841 F.2d 623, 624 (5th Cir. 1988).  Louisiana law provides such a remedy.  *See* LSA-C.C. Art. 2315.  To the extent that Plaintiff's lost property may have included religious and legal materials, he does not contend that he was otherwise prevented from practicing his religion by the named Defendants and a review of the docket

masters of his state court criminal cases[1/] reveals that he was represented by court-appointed counsel throughout his brief stay at OJC, thus satisfying his right of access to the courts. *Chisolm v. Terral*, No. 12-CV-0437, 2013 WL 6669617 at *2 (E.D. La. Dec. 18, 2013)(and cases cited therein).

Finally, as for the species of relief sought by Plaintiff, without a showing of physical injury, damages for mental or emotional injury suffered while in custody are not recoverable under §1983. 42 U.S.C. §1997e(e); *Cambre v. Jefferson Parish Sheriff Office*, No. 05-CV-6863, 2006 WL 2092403 at *4-5 (E.D. La. July 25, 2006). Feelings such as fear and anxiety do not qualify as physical injuries under §1997e(e). *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001). And no constitutional violation being apparent or any other valid basis upon which to support an award of compensatory or even nominal damages, punitive damages are not recoverable here. *See Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1/] Case numbers 525300, 522547, and 522530 on the docket of the Orleans Parish Criminal District Court, available at http://www.opcso.org.

consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this __4th__ day of _____October_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.